FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2016 MAY 11 PM 1:01
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR415-204 |
| ) | |
| TIMECKA GREEN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### O R D E R

Before the Court is Defendant's Motion in Limine. (Doc. 69.) In the motion, Defendant requests that the Court order the Government to identify all the calls which it intends to introduce relating to Defendant and her daughter, prohibit the admission of Defendant's prior misdemeanor and felony convictions in the Government's case in chief, and prohibit the admission of Defendant's prior convictions for impeachment purposes during cross examination. (Id.) For the following reasons, Defendant's Motion in Limine is **GRANTED IN PART, DENIED IN PART,** and **DEFERRED IN PART.**

### ANALYSIS

I. DEFENDANT'S PHONE CALLS

The Government has indicated its intent to introduce evidence of certain phone calls made by Defendant. (Doc. 55 at 1.) In these phone calls, Defendant allegedly attempted to influence others to influence her daughter, a child witness, to

change her story. (Id.) Defendant has requested that the Government identify which calls it intends to play in court and that, if the calls are admissible, the Court require the Government to play these calls in their entirety pursuant to Federal Rule of Evidence 106. (Doc. 69 at 2.) Given the alleged number of calls Defendant made, the Government is **DIRECTED** to disclose which phone calls it intends to play in Court and submit a transcript of those phone calls to the Defendant and the Court no later than the close of business on Monday, May 16, 2016. Once Defendant has reviewed these calls, she may file, no later than Thursday, May 19, 2016 a motion in limine detailing her objections to the calls. The Court **DEFERS** ruling on whether the Government is required to play the phone calls in their entirety pursuant to Federal Rule of Evidence 106 pending the Court's review of any later motion in limine.

## II. RULE 404(B) EVIDENCE OF PRIOR CRIMES

Defendant is currently charged with one count of conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine and cocaine base, and conspiracy to manufacture cocaine base; one count of possession of cocaine with intent to distribute and possession of cocaine base with intent to distribute; and one count of unlawful manufacture of a mixture or substance containing a detectable amount of cocaine base. (Doc. 1.) Defendant also has prior

2

felony convictions. (Doc. 55 at 2.) She was convicted on November 28, 2007 for one count of the sale of marijuana, one count of the sale of marijuana near a park/housing project, and two counts of use of a communication facility in a drug transaction. (Id.) Defendant also has two misdemeanor marijuana convictions that were entered on the same date. (Id.) The Government has noticed its intent to introduce evidence of these prior felony convictions to show Defendant's knowledge and intent. (Id.)

Generally, "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). However, such evidence is admissible when introduced "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. Rule 404(b) evidence must "(1) be relevant to an issue other than the defendant's character; (2) be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) be of probative value that is not substantially outweighed by undue prejudice and meet the other requirements under Fed. R. Evid. 403." United States v. Patrick, 536 F. App'x 840, 842 (11th Cir. 2013) (citing United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003)). Defendant agrees that the first

prong of this test is satisfied. (Doc. 69 at 4.) Defendant notes that the second prong is also likely satisfied.[1] (Id.) However, Defendant contends that the probative value of Defendant's prior convictions is substantially outweighed by the likelihood of undue prejudice. (Id. at 5.)

Generally, the determination of whether the probative value of Defendant's prior crimes is substantially outweighed by undue prejudice requires a "common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." United States v. Calderon, 127 F.3d 1314, 1332 (11th Cir. 1997) (citations omitted). The Court is satisfied that the probative value of Defendant's prior convictions is not substantially outweighed by undue prejudice. While Defendant's previous convictions are for marijuana rather than cocaine, prior drug related convictions are relevant in this case. See United States v. Lampley, 68 F.3d 1296, 1300 (11th Cir. 1995) (marijuana convictions admissible in cocaine deal despite "differing nature

---

[1] The Government contends that "[c]opies of the convictions were previously provided in discovery and outlined in the United States Probation, Pre-trial Services Report." (Doc. 55 at 2.) However, Defendant's counsel states that he has only received the criminal history report rather than copies of convictions. (Doc. 69 at 4.) Accordingly, the Government is **DIRECTED** to provide copies of the convictions to Defendant's counsel no later than the close of business on May 16, 2016.

4

and remoteness in time"); see also United States v. Delgado, 56 F.3d 1357, 1366 (11th Cir. 1995) ("[W]hen other crimes evidence goes to intent rather than identity a lesser degree of similarity between the charged crime and the uncharged crime is required."). Second, the fact that the Government can introduce evidence of Defendant's knowledge or intent through Defendant's coconspirators does not preclude the Government from introducing additional evidence of prior crimes at trial. See Calderon, 127 F.3d at 1332 (allowing government to introduce prior crimes evidence because case rested on testimony of coconspirator witnesses whose credibility was questionable).

Finally, Defendant argues that the prior convictions are too remote in time to be probative. There is no "bright-line rule regarding temporal remoteness." United States v. Patrick, 536 F. App'x 840, 843 (11th. Cir. 2013) (citing United States v. Matthews, 431 F.3d 1296, 1311 (11th Cir. 2005)). In this case, the amount of time between Defendant's prior crimes and the instant offense is less than ten years. This time period does not militate against the evidence's probative value considering the similarity of the prior crimes and the instant offenses. Accordingly, Defendant's motion as to the Government's Rule 404(b) evidence is **DENIED**.

III. <u>RULE 609 EVIDENCE FOR IMPEACHMENT</u>

The Government has also made a request to introduce Defendant's prior felony and misdemeanor convictions, along with an additional obstruction of justice charge, for impeachment purposes. (Doc. 55 at 3.) Federal Rule of Evidence 609 allows the admission of prior crimes, if punishable by death or for imprisonment for more than one year, to attack a witnesses' character for truthfulness. In a criminal case, the evidence may be admitted "if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(b). If the crime was not punishable by death or by imprisonment for more than one year, it may be admitted "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." <u>Id.</u>

As discussed above, the probative nature of Defendant's four prior felony convictions is not substantially outweighed by its prejudicial effect. The Government may admit them during cross examination for impeachment. However, there is no evidence that Defendant's two prior misdemeanor convictions for marijuana involved proof or admission of a dishonest act or false statement. <u>See</u> <u>United States v. Waller</u>, 2016 WL 1746057, at *2-*3 (N.D. Ga. 2016) (unpublished) (denying admission of misdemeanor convictions because it did not involve dishonest or

6

false statement). As a result, the misdemeanor drug convictions may not be admitted during cross examination for impeachment purposes. However, the Court notes that this ruling does not prohibit their admission for any other purpose. As discussed above, the Government may introduce evidence of these two misdemeanors for other purposes such as knowledge or intent. Finally, Defendant's conviction for obstruction of justice falls outside the ten year window of Rule 609(b). (Doc. 55 at 3.) While such a conviction would generally be admissible if within the ten year window,[2] here the Court must determine whether the conviction's "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609 (b)(1). Here, there is no evidence that the probative value of Defendant's prior conviction substantially outweighs its prejudicial effect. Accordingly, Defendant's Motion in Limine as to the Rule 609 evidence is **GRANTED IN PART** and **DENIED IN PART**. The Government may not admit evidence of the

---

[2] See Fed. R. Evidence 609 (a)(2) advisory committee's note to 2006 amendment, ("Evidence of crimes in the nature of crimina falsi must be admitted under Rule 609(a)(2), regardless of how such crimes are specifically charged. For example, evidence that a witness was convicted of making a false claim to a federal agent is admissible under this subdivision regardless of whether the crime was charged under a section that expressly references deceit (e.g., 18 U.S.C. § 1001, Material Misrepresentation to the Federal Government) or a section that does not (e.g., 18 U.S.C. § 1503, Obstruction of Justice).").

7

marijuana misdemeanors and obstruction charge at trial for purposes of impeachment.

**CONCLUSION**

For the foregoing reasons, Defendant's motion in limine is **GRANTED IN PART, DENIED IN PART,** and **DEFERRED IN PART.**

SO ORDERED this 11th day of May 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA