FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2016 MAY 18 PM 4: 53
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR415-204-3 |
| ) | |
| TIMECKA GREEN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Before the Court is Defendant's Motion in Limine. (Doc. 85.) In the motion, Defendant requests that the Court allow the introduction of Larron Bruce's prior convictions for the purpose of impeachment. (Id. at 85.) Larron Bruce was Defendant's co-defendant and may be called to testify at trial. For the following reasons, Defendant's motion (Doc. 85.) is **GRANTED**.

Larron Bruce was indicted along with Defendant and has since pled guilty to one count of conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine and cocaine base, and conspiracy to manufacture cocaine base. Defendant has requested that the Court allow the introduction of several prior misdemeanor and felony convictions. These convictions include

(1) a February 15, 2000 misdemeanor conviction for the false report of a crime;

(2) three June 13, 2000 misdemeanor convictions for giving false information to a law officer,

obstruction of a law enforcement officer, and criminal trespass;[1]

(3) two September 28, 2001 felony convictions for possession of cocaine with intent to distribute and possession of a non-controlled substance with intent to distribute, along with a misdemeanor conviction for escape from the same date;

(4) a September 28, 2001 felony conviction for theft by taking and a misdemeanor conviction for obstruction of a law enforcement officer from the same date;

(5) two September 27, 2004 felony convictions for possession of cocaine, a misdemeanor conviction for obstruction of a law enforcement officer, and a probation revocation from the same date.

Federal Rule of Evidence 609 requires the admission of prior crimes of a witness who is not a defendant, if punishable by death or for imprisonment for more than one year, to attack a witness's character for truthfulness. If the crime was not punishable by death or by imprisonment for more than one year, it may be admitted "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Id.

---

[1] The Court notes that the Government has stated that it "has no information that the witness was convicted of these offenses, represented by counsel, nor sentenced to any period of incarceration." (Doc. 91 at 2.) In order for these charges to be admissible at trial, the Court requires proof of these convictions and the date that the witness was released from confinement. While the Court makes no ruling at this time, Defendant is on notice that affirmative evidence of these convictions is necessary prior to using them for impeachment. See Hollins v. City of Milwaukee, 574 F.3d 822, 829 (7th Cir. 2009) (court within its discretion to exclude evidence of unproven allegations).

2

However, for crimes where "more than 10 years have passed since the witness's conviction or release from confinement," the conviction is admissible only if

(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b).

As an initial matter, the United States does not object to the cross-examination of Mr. Bruce on the September 28, 2001 convictions for felony possession of cocaine and felony possession of a non-controlled substance with intent to distribute and the two September 27, 2004 convictions for felony cocaine possession. (Doc. 91 at 4.) Accordingly, Defendant request is **GRANTED** as to those convictions. The Government does object to the introduction of the remaining charges on the basis that they fall outside the ten-year window. (Id.) The Government argues that Defendant has not demonstrated that the offenses involved dishonest conduct, and that their probative value, supported by specific facts and circumstances, substantially outweighs their prejudicial effect. (Id.) However, the Court concludes that Larron Bruce's prior convictions meet these requirements.

3

Larron Bruce's prior convictions are likely to be highly probative as to his credibility and unlikely to be outweighed by any prejudice. Mr. Bruce has several crimes that directly implicate his truthfulness, including a false report of a crime, the giving of false information to a law officer, obstruction of law enforcement, criminal trespass, and escape.[2] While these crimes fall outside the 10-year window of Rule 609(b), each of these charges have a direct relationship to the truthfulness of Mr. Bruce's testimony. See <u>Olin Corp. v. Certain Underwriters at Lloyd's London</u>, 468 F.3d 120, 135 (2d Cir. 2006) ("[A] witness may be impeached with evidence of a prior conviction that involves dishonesty or false statement, as a conviction for submitting false reports clearly does."). Moreover, all but one of those crimes involve or are related to drug convictions, most notably for cocaine—the subject matter of the instant case. See <u>United States v. Pritchard</u>, 973 F.2d 905, 909 (11th Cir. 1992) (no error in allowing government to impeach defendant on thirteen year old burglary conviction when defendant was charged

---

[2] See Fed. R. Evid. 609(a)(2) advisory committee's note to 2006 amendment ("Evidence of crimes in the nature of crimina falsi must be admitted under Rule 609(a)(2), regardless of how such crimes are specifically charged. For example, evidence that a witness was convicted of making a false claim to a federal agent is admissible under this subdivision regardless of whether the crime was charged under a section that expressly references deceit (e.g., 18 U.S.C. § 1001, Material Misrepresentation to the Federal Government) or a section that does not (e.g., 18 U.S.C. § 1503, Obstruction of Justice).").

4

with robbery). The charge for theft by taking occurred along with an obstruction charge (Doc. 91 at 2) and is therefore relevant to provide context. Finally, the testifying witness is not on trial. Indeed, Defendant's counsel is seeking to include this evidence in the record. As a result, it is unlikely that the jury will "improperly consider the [crimes] as evidence that [Defendant] committed" the offenses charged. Id. It is the Court's opinion, therefore, that all prior convictions noticed by Defendant as to Mr. Bruce are admissible because their probative value substantially outweighs their prejudicial effect. Accordingly, Defendant's motion (Doc. 85) is **GRANTED**.

SO ORDERED this 18th day of May 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA