IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO. CR415-204-3 |
| | ) | |
| TIMECKA GREEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## O R D E R

Before the Court is the Government's Motion in Limine (Doc. 88) and Defendant's Motion in Limine (Doc. 93). For the following reasons, the Government's motion (Doc. 88) is **GRANTED IN PART** and **DENIED IN PART**. Defendant's motion (Doc. 93) is **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

The Government filed a notice of intent to use post-arrest phone calls on April 5, 2016. (Doc. 55.) On April 14, 2016, Defendant filed a motion requesting that the Government identify which phone calls it intended to introduce and that the Government be required to play the phone calls in their entirety pursuant to Federal Rule of Evidence 106. (Doc. 69.) On May 11, 2016, the Court entered an order requiring the Government to disclose the phone calls it intended to play at trial. (Doc. 83.) However, the Court deferred ruling on whether the phone calls would have to be played in their entirety pursuant

to Rule 106. (Id.) The Court allowed Defendant the opportunity to refile a motion in limine no later than May 19, 2016, with any objections to the Government's proffered phone calls. (Id.) On May 16, 2016, the Government notified the Court that it would seek to introduce two phone calls at trial. (Doc. 95 at 1.) The Government notified the Court that it intended to introduce one phone call ("Phone Call #1") in its entirety and only the last six minutes of the second phone call ("Phone Call #2"). (Id. at 2-5.) In her motion in limine, Defendant argues that the Government should be required to offer both calls in their entirety along with ten other phone calls Defendant made from jail between November 1, 2015 and November 2, 2015. (Doc. 93.) The Government, for its part, requests that the Court instruct Defendant that she may not introduce her own self-serving hearsay statements through others unless she is available for cross-examination. (Doc. 88.)

**ANALYSIS**

I.  DEFENDANT'S SELF-SERVING EXCULPATORY STATEMENTS

As an initial matter, Defendant may not introduce her own exculpatory statements unless Defendant is available for cross-examination. "[A] defendant cannot attempt to introduce an exculpatory statement made at the time of [her] arrest without subjecting [herself] to cross-examination." United States v. Cunningham, 194 F.3d 1186, 1999 (11th Cir. 1999) (citing United

2

States v. Willis, 759 F.2d 1486 (11th Cir. 1985)). A defendant also may not seek to introduce her own exculpatory statements through another witness. United States v. Vernon, 593 F. App'x 883, 890 (11th Cir. 2014) ("A defendant may not introduce [her] own exculpatory statement through another witness without subjecting [herself] to cross-examination") (citations omitted). Accordingly, Defendant's counsel may not examine or cross-examine witnesses about Defendant's exculpatory statements or reference such statements in opening arguments unless Defendant is available for cross-examination.

II. RULE 106 EVIDENCE

Rule 106 states that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. The rule "permits introduction only of additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced." United States v. Simms, 385 F.3d 1347, 1359 (11th Cir. 2004) (quoting United States v. Pendas-Martinez, 845 F.2d 938, 944 (11th Cir. 1988)). In this circuit, exculpatory statements made by a defendant may be admitted pursuant to Rule 106 if "relevant to an issue in the case and necessary to clarify or explain the portion received."

3

United States v. Pacquette, 557 F. App'x 933, 937 (11th Cir. 2014) (citing United States v. Range, 94 F.3d 614, 621 (11th Cir. 1996)).

Defendant argues that Rule 106 requires the admission of the entirety of Phone Call #2 as well as the admission of ten other phone calls. The Court has reviewed Phone Call #2—the only call the Government currently offers for admission that it does not intend to play in full. The un-offered portion of the call does provide context for Defendant's later statements, particularly about her relationship with her children. Accordingly, if the Government chooses to offer Phone Call #2, it should be played in its entirety.

However, Rule 106 does not require the Government to introduce the additional ten phone calls Defendant offers. Defendant argues that the playing of all twelve phone calls will indicate a "consciousness of innocence" and that it would be unfair if all twelve tapes are not played. (Doc. 93 at 4.) Nevertheless, Rule 106 does not mandate that the Government play the additional phone calls merely because they indicate a "consciousness of innocence." Rule 106 only requires the introduction of material that is relevant and necessary to explain or place into context the portion already introduced. While some of the statements Defendant made on those additional calls may be relevant to Defendant's guilt, they are not

4

necessary to explain or place in context the portions of the phone calls the Government intends to play. See United States v. Eady, 591 F. App'x 711, 716 (11th Cir. 2014) (holding that rule 106 "permits introduction only of additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced"). Here, any concern over context, qualification, or explanation is lessened by the fact that the Government must play Phone Call #2 in full.

Moreover, according to the information provided by Defendant, the additional phone calls she is seeking to introduce were made to at least five different phone numbers. (Doc. 93 at 7.) Six of the phone calls were made to individuals who do not appear in the two calls the Government offers for admission. See United States v. Johnson, 579 F. App'x 867, 870 (11th Cir. 2014) (affirming exclusion of portion of three-way call where third person's credibility was at issue and two other individuals spoke alone). While the Court is unaware of the specific time between each phone call, they were made over the course of two days. (Doc. 93 at 7.) Consequently, the phone calls involve multiple conversations with several individuals. They do not reflect a single, ongoing conversation in need of clarification or explanation. Accordingly, the Court holds that the additional phone calls Defendant offers are not required to

"qualify, explain, or place into context the portion already introduced." Simms, 385 F.3d at 1359.

## CONCLUSION

For the foregoing reasons, the Government's motion (Doc. 88) is **GRANTED IN PART** and **DENIED IN PART** and Defendant's motion is **GRANTED IN PART** and **DENIED IN PART** (Doc. 93).[1] Pursuant to Rule 106, the Government must play both calls it seeks to introduce in their entirety. However, the Government is not required by Rule 106 to play the remaining ten calls Defendant offers. Moreover, Defendant's counsel may not examine or cross-examine witnesses about Defendant's exculpatory statements or reference such statements in opening argument unless Defendant is available for cross-examination.[2]

SO ORDERED this 20th day of May 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Government agrees that Defendant's statements in Phone Call #2 may be admitted pursuant to Rule 106 even if exculpatory. (Doc. 95 at 5.) This Court has concluded that Rule 106 requires the admission of the entire phone call. Accordingly, the Government's motion is **DENIED** only for any statements made in Phone Call #2.

[2] Defendant's request for an evidentiary hearing is accordingly **DISMISSED AS MOOT**.