# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| TIMECKA GREEN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV417-001 |
| | ) | CR415-204 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Indicted on multiple counts of drug-trafficking charges, Timecka Green twice rejected the Government's offered plea agreements and proceeded to trial, where she was convicted on all counts. Docs. 1 (indictment), 109 (jury verdict), 148-1 (Green's signed acknowledgement she elected to proceed to trial).[1] She now seeks to vacate her sentence under theories of ineffective assistance of counsel, prosecutorial misconduct, and an invalid indictment. Docs. 138 & 139. The Government opposes. Doc. 148.

## I.  BACKGROUND

Green was indicted and tried for her role in a crack cocaine

---

[1] The Court is citing to the criminal docket in CR415-204 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

manufacture and distribution conspiracy. Docs. 1 & 109. Among other witnesses and other evidence, Green's minor daughter, T.G., made (multiple inconsistent) statements to officers, testified against her before the grand jury, testified against her at trial, and testified for her at the sentencing hearing. *See* docs. 146 (trial transcript) at 73-96 & 147 (sentencing hearing transcript) at 29-47. The Court denied Green's motion for a new trial, overruled counsel's objections to the Presentence Investigative Report (PSR), and sentenced her to 121 months' imprisonment. Docs. 114 & 121; doc. 147. Green elected not to appeal her conviction or sentence. Doc. 126 (signed Post-Conviction Consultation Certification) & 129 (judgment).

## II. ANALYSIS

Green presents three grounds for relief: (1) the indictment was invalid because it failed to stipulate an exact amount of cocaine base attributable to Green; (2) the Government engaged in prosecutorial misconduct; and (3) counsel deficiently failed to (a) adequately advise Green on the consequences of proceeding to trial, (b) fully investigate her case, (c) object to sentencing enhancements, and (d) file a direct appeal. Doc. 138.

### A. Indictment & Misconduct

Green's challenges to the sufficiency of the indictment and alleged prosecutorial misconduct are procedurally defaulted because she did not raise them on direct appeal. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (a movant may not use her collateral attack as "a surrogate for a direct appeal."). She has also not shown cause and prejudice sufficient to defeat this procedural bar. *See United States v. Montano*, 398 F.3d 1276, 1280 (11th Cir. 2005) (to excuse the procedural bar, a § 2255 movant must "demonstrate a cause for [her] default and show actual prejudice suffered as a result of the alleged error.").

Green nominally pleads ineffective assistance of counsel (IAC) to overcome her failure to appeal: "The petitioner asked counsel to appeal, where he did in all honesty state that he believed that appealing was not in her best interest, and chose not to appeal. But, once a defendant asks for an appeal to be filed, it is her right to have a notice put into the court." Doc. 138 at 5. A failure to consult with a defendant regarding an appeal, or otherwise abide her wish to appeal, can constitute IAC. *See Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). But movant expressly told her lawyer, in writing, *not* to file an appeal after she was fully

3

informed of her appellate rights. *See* doc. 126 ("Notice of Post-Conviction Consultation") at 2.² Green ignores this inconvenient fact in declaring, under penalty of perjury, the contrary. Doc. 138 at 13 ("I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. . . .").³ Her bare assertion to the contrary now cannot overcome what she swore to be true shortly after sentencing. *See, e.g., Eason v. United States*, 2014 WL 4384652 at * 3 (S.D. Ga. Sept. 3, 2014). And with nothing to excuse her failure to appeal, Green's

---

² The Notice is a document this Court developed to memorialize counsel's consultation with his client and reflect the client's appeal decision. *See Guyton v. United States*, 2013 WL 1808761 at * 2 (S.D. Ga. Apr. 29, 2013) (the "Notice of Counsel's Post-Conviction Obligations" requires that both counsel and client execute and file the form, thus preserving a record of defendant's instructions regarding an appeal). Interestingly, Green initially initialed beside the option electing to appeal. However, she crossed it out (and initialed to confirm it was her intention to do so) and wrote that "I accidently initial[e]d the wrong line above so I crossed through it and then initial[e]d the line below. I do not wish to appeal." Doc. 126 at 2. This unambiguous explanation confirms that Green knowingly and voluntarily -- after counsel fully explained "the consequences of failing [to appeal]" to her -- declined to appeal her conviction or sentence.

³ Lying under oath, either live or "on paper," is a criminally prosecutable offense. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

4

claims are procedurally defaulted. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

Regardless, Green's claim that the indictment's failure to specify a drug amount specifically attributable to her is without merit: there is no constitutional requirement for an indictment to set forth an exact time, location, drug amount, or purchaser of illegal drugs. *See United States v. Steele*, 178 F.3d 1230, 1234 (11th Cir. 1999). All that is required of an indictment is that it "present the essential elements of the offense, notify the accused as to the charges, and enable the accused to rely upon a judgment as a bar against double jeopardy." *United States v. Breal*, 593 F. App'x 949, 952 (11th Cir. 2014). Here, the indictment identified a specific time period (March through November 2015), location (Liberty County, within the Southern District of Georgia), conspirators (Larron Bruce, Gregory Harrington, Willie Nelson Bruce, and Timecka Green), Schedule II controlled substance (cocaine base), and actions (conspiring to possess, manufacture, and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 *et seq.*). This information was more than sufficient to inform Green of the charge against her. *See Breal*, 593 F. App'x at 952; *Steele*, 178 F.3d at 1233-

34; *United States v. Stefan*, 784 F.2d 1093, 1101-02 (11th Cir. 1986).

Movant's conclusory accusation of prosecutorial misconduct is also meritless. Green argues -- without any citation to the record or a hint as to how it actually prejudiced her case -- that the Government engaged in misconduct by interviewing T.G. without parental consent or the presence of a parent/guardian. Docs. 138 at 9 & 139 at 4. Green apparently believes that T.G.'s inconsistent statements and "checkered past" should have been brought to the Court's attention -- which they were, throughout both trial and sentencing, when T.G. testified and was cross-examined, *see* doc. 146 (trial transcript) at 73-96; doc. 147 (sentencing hearing transcript) at 29-47 -- though it is unclear *specifically* what she thinks should have been done or how it should have affected her trial and/or sentencing. *See* docs. 138 & 139. And this Court has no obligation to address conclusory allegations not developed and factually supported by petitioner. *See Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("allegations must be factual and specific, not conclusory."); *Bartley v. United States*, 2013 WL 6234694 at * 2-3 (S.D. Ga. Dec. 2, 2013) (a § 2255 movant "must not just raise, but *argue* his claims.").

B. Ineffective Assistance of Counsel

Green contends her counsel performed deficiently in several material respects, by failing to (1) adequately advise her on the consequences of proceeding to trial, (2) fully investigate her case, (3) object to sentencing enhancements, and (4) file a direct appeal. Docs. 138 & 139. These claims fail.

"To prevail on a claim of ineffective assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In evaluating adequacy of performance, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001).

As to the prejudice prong, the prisoner must show "that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Matire v. Wainwright*, 811 F.2d 1430, 1434 (11th Cir. 1987) (same); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some *conceivable* effect on the outcome of the proceeding is insufficient to show prejudice.").

As discussed above, Green's allegation that counsel failed/refused to file a direct appeal against her wishes is patently contradicted by the record. *See* doc. 126 (movant's signed Post-Conviction Consultation Certificate declining to appeal after being advised by counsel on the consequences of so doing). The same goes for Green's contention that counsel failed to fully apprise her on the consequences of proceeding to trial. *See* doc. 148-1 (movant's signed affirmation that her counsel "reviewed [with her] the two plea offers that were extended by the United States. I have rejected the offers and wish to proceed to trial. I know the potential consequences of proceeding to trial; and I freely and voluntarily express my desire to proceed to trial. I am satisfied with

[my attorney], and have no complaints about him."); *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012) (to demonstrate *Strickland*-level prejudice, movant must first "demonstrate a reasonable probability [she] would have accepted the . . . plea offer had [she] been afforded effective assistance of counsel."); *Ervin v. United States*, 2017 WL 465471 at *3 (S.D. Ga. Feb. 1, 2017) (movant's "disingenuous contention, that but for counsel's 'misadvice' he would have pleaded guilty, is hogwash;" movant rejected the plea agreement because he "thought he could do better" and the fact that he "gambled and lost, in the face of overwhelming evidence of his guilt, does not render his counsel's performance deficient.").

Her argument that counsel failed to object to sentencing enhancements, too, is contrary to the record -- counsel in fact lodged objections to the PSR and argued at length at sentencing. *See* PSR, Addendum & doc. 147 (sentencing hearing transcript) at 4-53. That the Court disagreed and overruled those objections does not render counsel's performance deficient. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (there is no "constitutional right to compel appointed counsel to press nonfrivolous points").

Finally, Green's argument that counsel failed to fully investigate

her case, including locating and interviewing witnesses that could have testified to her "turbulent" relationship with her daughter, T.G., is without merit. Doc. 139 at 1. "[C]ounsel has a duty to make reasonable investigations *or* to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 690-91 (emphasis added). To be effective, counsel is not required to "pursue every path until it bears fruit or until all hope withers." *Williams v. Head*, 185 F.3d 1223, 1237 (11th Cir. 1999); *see also Rogers v. Zant*, 13 F.3d 384, 387 (11th Cir. 1994) (the requirement to "investigate" a case "reflects the reality that lawyers do not enjoy the benefit of endless time, energy, or financial resources."). And, "a court should be highly deferential to those choices . . . that are arguably dictated by a reasonable trial strategy." *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir.1993).

The Court, however, does not need to speculate on counsel's apparently adequate trial strategy in this case: even Green, conclusorily lobbing accusations of deficiency at counsel's approach, doesn't know how he could have done better. Movant does not specify which witnesses counsel should have located, or what testimony relevant to trial or sentencing they might have produced. *See* doc. 139 at 1; *see*

10

doc. 146 (trial transcript) at 73-93 (direct examination of T.G.) & 94-96 (cross-examination of T.G.); doc. 147 (sentencing hearing transcript) at 39-43 (cross-examination of T.G.). Nor does she identify what prejudice, if any, she suffered as a result of counsel's failure to dig up witnesses who would have further impeached her daughter's noted inconsistencies on the witness stand. She simply states that he should have, and could have, done better in some way. Again conclusory allegations support no § 2255 relief.[4]

## C. CONCLUSION

Accordingly, Timecka Green's § 2255 motion should be **DENIED**.[5]

---

[4] "Laundry list" claims of deficient representation -- offered without explaining, with full citation to the record, how they were viable *and* that no reasonable lawyer would have missed them -- do not an IAC claim make. A typical IAC claim succeeds only where counsel has, metaphorically speaking, shot at the side of a barn yet missed. *See Sullivan v. Secretary, Fla. Dep't. of Corr.*, 837 F.3d 1195, 1205 (11th Cir. 2016) (an attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance, as element of ineffective assistance of counsel); *see also id.* at 1206 (in prosecution for fleeing and attempting to elude a law enforcement officer, trial counsel was ineffective in presenting a voluntary intoxication defense long after it had been statutorily abolished, instead of advising defendant to accept state's pretrial plea offer).

[5] Because her motion is entirely without merit and his contentions are unambiguously contradicted by the record, Green's request for an evidentiary hearing (doc. 138 at 13) is **DENIED**. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (a hearing is unnecessary "if the allegations are 'patently frivolous,' 'based upon unsupported generalizations,' or 'affirmatively contradicted by the record.'"); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (same); *Lynn*, 365 F.3d at 1239 (where the motion "amount[ed] to nothing more than

For the reasons set forth above, it is plain that she raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

---

mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied [movant]'s § 2255 motion.").

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  3rd  day of March, 2017.

*/s/ J.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA