**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. CR415-204 |
| | ) | |
| TIMECKA GREEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# O R D E R

Before the Court is Defendant Timecka Green's Motion for a Reduction in Sentence (Doc. 215), which the Government has opposed (Doc. 221, Attach. 1). For the following reasons, Defendant's motion (Doc. 215) is **DENIED**.

## BACKGROUND

In May 2016, a jury found Defendant guilty on three counts of the indictment: (1) conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base and conspiracy to manufacture cocaine base; (2) possession with intent to distribute cocaine hydrochloride and cocaine base; and (3) the unlawful manufacture of cocaine base. (Doc. 109.) Defendant was sentenced to 121 months' imprisonment. (Doc. 129 at 2.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Aliceville located in Aliceville, Alabama, with a projected release date of June 26, 2024. See BOP Inmate Locator, Federal

Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on February 17, 2021).

## ANALYSIS

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic and her medical conditions. (Doc. 215 at 2.) The Government opposes Defendant's request on the ground that the factors set forth in 18 U.S.C. § 3553(a) weigh against releasing Defendant. (Doc. 221, Attach. 1 at 1.) The Court finds that Defendant's motion is due to be denied.

I.   ELIGIBILITY FOR COMPASSIONATE RELEASE

18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration;" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive

2

medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

3

The Government does not dispute that Defendant has exhausted her administrative remedies with respect to her medical conditions as required by § 3582(c)(1)(A). (Doc. 221, Attach. 1 at 3 n.2.) Defendant requested compassionate release from the Warden of FCI Aliceville on June 8, 2020 (Doc. 218, Attach. 1 at 2) and the Warden denied her request on August 10, 2020 (Doc. 215, Attach. 1 at 73). Accordingly, the Court finds that Defendant has exhausted her administrative remedies as required by § 3582(c)(1)(A). See United States v. Cooper, No. 1:15-CR-00223, 2020 WL 6145109, at *2 (N.D. Ga. Sept. 11, 2020) (finding the defendant satisfied the § 3582(c)(1)(A) exhaustion requirement by filing his motion for compassionate release after the warden of his facility denied defendant's request for compassionate release). Because Defendant has exhausted her administrative remedies, the Court will now consider whether Defendant's medical conditions qualify as extraordinary and compelling reasons for compassionate release.

In seeking compassionate release, Defendant claims that she suffers hypertension, diabetes, thyroid problems, and depression, and that these conditions increase her risk of suffering severe complications from COVID-19. (Doc. 215 at 2.) The Government, in response, notes that Defendant's BOP medical records from the past year do not indicate that Defendant suffers from diabetes; however, Defendant's medical records do support her contention that she suffers from hypertension. (Doc. 221, Attach. 1 at 14; Doc. 218,

4

Attach. 4 at 1.) The Government acknowledges that, based on the Center for Disease Control's recommendations, Defendant's hypertension "might" place her at an increased risk of severe illness from COVID-19. (Doc. 221, Attach. 1 at 15.) Therefore, the Government "leaves it to the Court's determination whether the combination of [Defendant's] hypertension with the CDC's current recommendations qualifies as an 'extraordinary and compelling reason' under § 1B1.13, application note 1." (Id.)

The Court has reviewed Defendant's BOP medical records and does not find any evidence that Defendant's hypertension substantially diminishes her ability to provide self-care while incarcerated. See United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020); United States v. Johnson, No. CR 108-110, 2020 WL 2449343, at *1 (S.D. Ga. May 12, 2020). It appears that Defendant's hypertension is well-managed when Defendant consistently takes her medication. (Doc. 218, Attach. 4 at 1.) Additionally, "[t]he Court is unwilling to conclude that a condition that 'might' put a defendant at an increased risk qualifies [her] circumstances as extraordinary and compelling enough to warrant early release." United States v. Mingo, No. CR612-018, 2020 WL 5028770, at *2 (S.D. Ga. Aug. 25, 2020).

Further, Defendant received her first dose of the COVID-19 vaccine on January 7, 2021. (Doc. 218, Attach. 4 at 44.) In light

5

of the fact that Defendant will be vaccinated against COVID-19, Defendant's "probability of becoming ill from COVID-19 is significantly diminished . . . ." United States v. Doostdar, No. 18-0255, 2021 WL 429965, at *3 (D. D.C. Feb. 8, 2021); United States v. Smith, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("Accordingly, absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A).").

Finally, the Court does not find that COVID-19 is in and of itself an extraordinary and compelling reason to warrant compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."). Accordingly, Defendant's motion (Doc. 215) is **DENIED** because Defendant has not demonstrated extraordinary and compelling reasons for compassionate release.[1]

---

[1] To the extent Defendant intends to challenge the conditions of her confinement, she must do so through a civil lawsuit brought pursuant to 42 U.S.C. § 1983. See United States v. Riggs, No. CR618-014-09, 2020 WL 7066325, at *2 n.2 (S.D. Ga. Dec. 2, 2020).

## II.  CONSIDERATION OF THE § 3553(a) SENTENCING FACTORS

Further, even if this Court found Defendant had presented evidence of a qualifying medical condition that constituted an extraordinary and compelling reason for compassionate release, this Court would still deny Defendant's motion. In considering a defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court must consider the factors set forth in § 3553(a). The Court finds that the factors set forth in 18 U.S.C. § 3553(a) weigh against releasing Defendant. Section 3553(a) provides the following factors for the Court's consideration:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed—
    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B. to afford adequate deterrence to criminal conduct;
    C. to protect the public from further crimes of the defendant; and
    D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3) the kinds of sentences available;
4) the kinds of sentence and the sentencing range established . . .;
5) any pertinent policy statement . . .;
6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7) the need to provide restitution to any victims of the offense.

Courts may, even after finding a defendant eligible for compassionate release, find that the § 3553(a) factors weigh

against release. <u>See</u> <u>United States v. Chambliss</u>, 948 F.3d 691, 694
(5th Cir. 2020) (affirming a district court's denial of a
defendant's motion for compassionate release where the district
court found that, although the defendant had an extraordinary and
compelling reason for compassionate release, the § 3553(a) factors
weighed against a sentence reduction); <u>United States v. Rodd</u>, 966
F.3d 740, 748 (8th Cir. 2020) (affirming a district court's denial
of a defendant's motion for compassionate release based on the
§ 3553(a) factors); <u>United States v. Pawlowski</u>, 967 F.3d 327, 331
(3d Cir. 2020) (same); <u>United States v. Kincaid</u>, 802 F. App'x 187,
188 (6th Cir. 2020) (same).

In May 2016, a jury found Defendant guilty on three counts of
the indictment: (1) conspiracy to possess with intent to distribute
cocaine hydrochloride and cocaine base and conspiracy to
manufacture cocaine base; (2) possession with intent to distribute
cocaine hydrochloride and cocaine base; and (3) the unlawful
manufacture of cocaine base. (Doc. 109.) Defendant was sentenced
to 121 months' imprisonment. (Doc. 129 at 2.)

While the Court is sensitive to the concerns that Defendant
has for her health and safety due to the COVID-19 pandemic, the
Court finds that a reduction in her sentence is not warranted at
this time. Reducing Defendant's sentence would not promote respect
for the law or provide adequate deterrence to future criminal
conduct. Defendant has an extensive criminal history that includes

8

convictions for obstruction, simple battery, sale of marijuana, possession of cocaine, possession of marijuana, theft by shoplifting, and reckless conduct.

Considering the facts surrounding the current offense, namely that Defendant allowed her co-conspirator to manufacture crack at her residence while her five minor children and minor grandchild were inside the residence, the Court finds that reducing Defendant's sentence would also not reflect the seriousness of the offense. Defendant's fifteen-year-old daughter reported to officers that she observed Defendant's co-conspirator "cooking crack" at Defendant's residence several times and that Defendant knew about the drug activity. In reference to her fifteen-year-old daughter talking to officers, Defendant stated "[i]f I see her, I might slice her fucking throat." Consequently, the Court also cannot determine that Defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13(2).

Reducing Defendant's sentence also would not provide just punishment. At this time, Defendant has approximately three years remaining on her sentence. See United States v. Harrell, CR 312-003-22, 2021 WL 77964, at *2 (S.D. Ga. Jan. 8, 2021) ("Defendant has nearly three years remaining on his sentence; early termination of his sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or

afford adequate deterrence."). Accordingly, the Court finds that the § 3553(a) factors weigh against reducing Defendant's sentence. As a result, Defendant's motion (Doc. 215) is **DENIED**.

CONCLUSION

For the foregoing reasons, Defendant's Motion for a Reduction in Sentence (Doc. 215) is **DENIED**.

SO ORDERED this _18TH_ day of February 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA