IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | CASE NO. CR415-204 |
| ) | |
| TIMECKA GREEN,       ) | |
| ) | |
| Defendant.       ) | |

## O R D E R

Before the Court is Defendant Timecka Green's Motion for Hardship Credit for Hard Time Served (Doc. 237) and the Government's Motion to Dismiss Defendant's Motion (Doc. 238). After careful consideration, the Government's motion (Doc. 238) is **GRANTED** and Defendant's motion (Doc. 237) is **DISMISSED**.

In essence, Defendant argues that she should be awarded two days' credit for every one day she has served in custody because her facility has been on lockdown since the onset of the COVID-19 pandemic. (Doc. 237 at 1.) Defendant provides no statutory authority for such relief. The Government moves to dismiss Defendant's motion on the grounds that Defendant has failed to exhaust her administrative remedies and that Defendant failed to file her motion in the appropriate federal court. (Doc. 238 at 1.) Because the Court finds no basis to reduce Defendant's sentence or to grant Defendant credit for time served, Defendant's motion is due to be dismissed.

A district court may only modify a term of imprisonment under limited circumstances outlined in 18 U.S.C. § 3582(c). First, a court may entertain a motion for compassionate release where the defendant presents extraordinary and compelling circumstances warranting release. See 18 U.S.C. § 3582(c)(1)(A). In this case, the Court previously denied Defendant's request for compassionate release because Defendant failed to establish extraordinary and compelling reasons. (Doc. 224 at 6.)

The second exception in § 3582(c) provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . . ." 18 U.S.C. § 3582(c)(1)(B). The third exception allows a court to reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2). Defendant has made no argument or showing that she is entitled to relief under the second or third statutory exceptions of § 3582(c).

To the extent that Defendant argues that the BOP has incorrectly calculated her time-served credit, the Court lacks jurisdiction to consider her motion. The BOP, not the Court, possesses the authority to determine the manner in which credit for prior custody is applied toward a federal sentence. Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) ("The Attorney General—

acting through the BOP—initially possesses the exclusive authority under the law of this Circuit to compute sentence credit awards after sentencing."); United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) ("The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts."). "Granting credit for time served is initially an administrative function, so a federal prisoner must pursue an administrative remedy through the prison system before seeking judicial review." United States v. Martin, 362 F. App'x 69, 70 (11th Cir. 2010). As the Government highlights, Defendant has not demonstrated that she has exhausted her administrative remedies with the BOP. (Doc. 238 at 4.)

Even if Defendant had exhausted her administrative remedies, the proper procedure for Defendant to mount a judicial challenge to the BOP's decision is to file a civil action under 28 U.S.C. § 2241 in the district and division of her confinement. See United States v. Lassiter, 812 F. App'x 896, 900 (11th Cir. 2020) ("Although the district court for the Southern District of Alabama had sentenced Appellant, it had no jurisdiction to entertain his § 2241 petition for sentencing credit when Appellant was incarcerated in another district."); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Here, Defendant is currently incarcerated at FCI Aliceville in Aliceville, Alabama. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/i

3

nmateloc/ (last visited on May 12, 2021). Accordingly, if Defendant wishes to challenge the BOP's calculation of her sentence, Defendant must file a § 2241 petition for sentencing credit in the United States District Court for the Northern District of Alabama, Western Division.

Finally, to the extent that Defendant intends to challenge the conditions of her confinement, she must do so through a civil lawsuit brought pursuant to 42 U.S.C. § 1983. See United States v. Riggs, No. CR618-014-09, 2020 WL 7066325, at *2 n.2 (S.D. Ga. Dec. 2, 2020). Like a § 2241 petition, an action brought under § 1983 should be filed in the district of Defendant's confinement. See United States v. Barnes, No. CR 113-199, 2021 WL 1395199, at *2 (S.D. Ga. Apr. 13, 2021) ("[T]o the extent that Defendant challenges the conditions of her confinement, she must do so through a civil lawsuit brought pursuant to 42 U.S.C. § 1983 in the district of her confinement."). Accordingly, the Government's motion to dismiss Defendant's motion (Doc. 238) is **GRANTED**. As a result, Defendant's motion (Doc. 237) is **DISMISSED**.

SO ORDERED this 13th day of May 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA